HEARD APRIL TERM, 1872.

## CLAWSON *vs.* SUTTON GOLD MINING COMPANY.

A Circuit Judge has no jurisdiction, at Chambers, to dissolve an attachment under the former foreign attachment law, on the ground of irregularity in the proceedings.

BEFORE THOMAS, J., AT CHAMBERS, JAN. 11TH, 1870.

Motion to dissolve an attachment under a writ in foreign attachment, issued on the 28th August, 1867, by Charles L. Clawson, plaintiff, against the Sutton Gold Mining Company, defendant. The motion was granted, and the plaintiff appealed.

The facts upon which the motion to dissolve the attachment was founded, and the grounds of appeal, as also the points made in the arguments on the appeal, sufficiently appear in the judgment of the Court.

*Clawson, Thomson & Clawson,* for appellants.

*Wilson, Hart,* contra.

Aug. 7, 1872. The opinion of the Court was delivered by

MOSES, C. J. We do not regret that, according to the understanding of the counsel, as expressed at the hearing in this Court, we are relieved from a consideration of the various questions which appear to be presented in this most complicated brief. They are

arrayed in a long succession, beginning in 1868, and so intermingled and confused, that much time and endurance would be necessary for their solution.

Among the cases named, by various plaintiffs against the defendant, included in the one brief, our consideration is to be confined to the points made by the appeal of C. L. Clawson, in regard to the bond of August 28, 1868.

We have no hesitation in affirming that the bond was not in conformity with the requirements of the Act.—11 Stat., 76; 7 Stat., 294. It was not made payable to the defendant; it was not in double the amount set forth in the suit.—*Brown & Stone* vs. *Whitford,* 4 Rich., 327; *Jennings & Co.* vs. *The Same,* Ib. The Act permits the bond to be executed by "the plaintiff, or his or her agent," but here it was made by neither. J. J. Miller and W. J. Clawson, who signed it, acknowledged themselves "bound unto A. J. Wright and others." Then they with Charles L. Clawson, (whose name never before appears,) are referred to as "the above bound," about to issue and sue out the "writ against the said A. J. Wright and others," and the conidtion is "that if the above bound Charles L. Clawson, J. J. Miller, and W. J. Clawson, their heirs, etc.;" and it is signed by "J. J. Miller" and "W. J. Clawson." It is not the bond of the plaintiff, for he never executed it, nor of his agents, so far as appears by the instrument itself. It is very clear that it was prepared with the view to its signature by the said C. L. Clawson, and the other obligors were to be the sureties. He, however, failed to execute it, and indeed if he had done so, its utter want of compliance with the provisions of the Act would have rendered it insufficient for the required purpose.

The right of the defendant, the Sutton Gold Mining Company, to make the motion to dissolve the attachment, without filing a power of attorney, duly authorizing the appearance of counsel, is denied. The object proposed by the Act of 1843, (11 Stat., 256,) was to allow the absent debtor to plead to, and defend, the action without putting in special bail, on filing a warrant of attorney with the Clerk. It did not deprive him of any right which he had before its passage, and which he might enforce without pleading to the action. The motion made did not involve a defence to the action to be determined on its merits. It was an exception to the writ itself, treating it as void, because issued in violation of the Act.

The defendant had not plead to the merits of the action; if he

had, it would have been too late to move to set aside the writ because the bond did not conform to the Act.—*Gray* ads. *Young*, Harp., 38. It has been long since ruled that there is nothing in the attachment law which precludes a defendant from availing himself by motion, of any defect or irregularity in the process which has issued against him.—*Harper* vs. *Scuddy*, 1 McM., 265. In *Wigfall* vs. *Byne*, 1 Rich., 412, it was said by the Judge delivering the opinion of the Court, " that the omission to give the bond required by the Attachment Act was an irregularity to which only the absent debtor could take exception, is too well established to require that any authority should be cited." If nothing is legally attached, the defendant can not be required to put in special bail before he is allowed to dissolve the attachment, as was held in *Burrill* vs. *Lettson*, 2 Sp., 392. If the bond is necessary as the condition on which the writ is to issue, and if, without it, there is no foundation on which the action can rest, the defendant should be allowed to bring the exception to the notice of the Court by motion, without even a formal appearance.

Although the bond was irregular and insufficient, the attachment could not be dissolved by the order of January 11, 1870, because the Judge was without authority to make the order at Chambers. Whatever may be the powers of a Judge in Court, no matter how general its jurisdiction, he is limited at Chambers to what, by Statute, he is authorized to do when so sitting. The Act of 1818, 7 Stat., 321, allowed the Judges at Chambers "to grant writs of prohibition, *mandamus*, *quo warranto*, and to hear and determine motions to set aside or stay executions, in the same manner, in every respect, as if the Court was actually sitting." It is a clear legislative declaration of the previous want of such authority, and, by necessary implication, a denial of it, except when expressly conferred.

It is claimed that the Judge below should have granted the motion to amend, made on the 8th November, 1870. This proceeds upon the assumption "that all proceedings subsequent to the Code are to be in accordance therewith." This, however, is error—for the 465th Section, (General Statutes, 626,) applies the provisions of the Code "to future proceedings in actions or suits heretofore commenced, or now pending, as follows: 1st. If there have been no pleading therein, to the pleadings and all subsequent proceedings. 2d. Where there is an issue of law or of fact, or any other question of fact to be tried, to the trial and all subsequent proceedings." If,

however, the said Section did include the subject-matter of the motion, under what provision of it could the amendment be ordered? No substitution of a bond was proposed, but an amendment of that already executed, by striking out some words and inserting others, changing the instrument, and thereby to make it a new one. To amend a bond does not strike a judicial mind as adding anything to its validity.

Where a statute requires a bond as the condition on which the remedy it affords may be applied, the character of the bond becomes a jurisdictional question. If defective in a material requisite, it is as no bond, and is not sufficient to sustain the writ.

Where, as in New York, "an attachment under the Act is not an original process commencing a suit, but a provisional remedy adopted in a suit already commenced," an undertaking given thereon, but insufficient in amount, may be substituted by filing a new undertaking.—*Kissam* vs. *Marshall*, 10 Abb., 424. The writ which issued under our Attachment Act is an original process, and although a proceeding *in rem.*, its purpose and effect are to make the absent debtor a party to the cause in Court, and, through it, to subject the property attached to the payment of the debt demanded. If void when it issued, the defect cannot be cured by any subsequent amendment.

The motion to set aside the order to dissolve the attachment must be granted. In view of arresting the unprofitable litigation which may follow, it may not be improper to repeat that it is only granted because the Judge, at Chambers, did not have the power to make the order, which is sought here to be reversed. Whether, with this premonition, the plaintiff will further proceed, rests with himself and his counsel.

*Willard*, A. J., and *Wright*, A. J., concurred.